Alicia VELASQUEZ, Plaintiff,

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES OF the UNITED STATES, Defendant.**

No. CV–83–2720.

United States District Court,
E.D. New York.

Feb. 14, 1984.

---

citizen or lawful permanent resident of the United States, and she is not "otherwise permanently residing in the United States under color of law," as required under the Social Security Act. The matter is before the Court on defendant's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

For the reasons that follow I conclude that the Administrative Law Judge (the "ALJ") who heard plaintiff's claim improperly determined that she had failed to satisfy her burden, at least prima facie, of establishing that she was "permanently residing in the United States under color of law" within the meaning of the Social Security Act, 42 U.S.C. § 1382c(a)(1)(B)(ii). Accordingly, the matter is remanded to the Secretary to permit her to satisfy her burden of establishing that the Immigration and Naturalization Service ("INS") in fact contemplates enforcing plaintiff's departure from the United States or, failing such a demonstration, to permit plaintiff to establish the existence of a disability which entitles her to benefits under the Act.

The undisputed evidence before the ALJ establishes that plaintiff, a 69-year-old citizen of Mexico, entered the United States in 1971 as a non-immigrant visitor for pleasure. Under the terms of her visa she was required to depart from the United States by June 1972. Plaintiff did not depart when required and instead remained in the United States illegally until 1981 when the INS commenced deportation proceedings against her.

On August 11, 1981, however, plaintiff filed with the INS an application for suspension of deportation pursuant to 8 U.S.C. § 1254. Thereafter, on August 17, 1981, she was granted permission to obtain employment in the United States during the pendency of the deportation proceedings. Between that date and the date of her hearing before the ALJ, the INS took no steps with regard to plaintiff's application for suspended deportation and scheduled no hearing on her deportation. At the hearing before the ALJ, no explanation

Legal Aid Society by Arthur J. Fried, New York City, for plaintiff.

Raymond J. Dearie, U.S. Atty., E.D.N.Y. by Michael A. Mulqueen, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

This is an action brought pursuant to 42 U.S.C. § 1383(c)(3) to review a final determination of the Secretary of Health and Human Services (the "Secretary") denying plaintiff's application for Supplemental Security Income. Plaintiff's application was denied on the ground that she is not a

was offered by the Secretary as to what steps the INS had taken or contemplated taking with regard to plaintiff's pending application. Based solely on the history recited above, the ALJ determined that the plaintiff had failed to satisfy her burden of establishing that she was "permanently residing in the United States under color of law" so as to be eligible for Social Security benefits.[1]

In *Holley v. Lavine,* 553 F.2d 845, 849 (2d Cir.1977), *cert. denied,* 435 U.S. 947, 98 S.Ct. 1532, 55 L.Ed.2d 545 (1978), the Court of Appeals for this Circuit interpreted the phrase "otherwise permanently residing in the United States under color of law" as used in the Secretary's regulations issued pursuant to the Aid of Dependent Children Program, 45 C.F.R. § 233.50, to include persons known by the INS to be residing unlawfully in the United States where the INS "does not contemplate enforcing ... [the alien's] ... departure from the United States at this time." Although the court recognized that the INS' intent might change if the alien's circumstances and conditions altered, it ruled that the alien's status had achieved sufficient permanency to entitle her to benefits at least until the alien's condition changed and a different decision by the agency became warranted.

In *Holley,* however, unlike the present case, an official of the INS had issued a formal letter to the effect that the INS did not contemplate enforcing the alien's deportation and had done so "for humanitarian reasons." Plaintiff in this case has offered no such explicit evidence of the agency's intention, but only its history of inaction. The question thus arises whether plaintiff or the Secretary bears the burden of obtaining from the agency an expression of its intentions and the reasons for them. For the reasons that follow I conclude that the burden is on the Secretary at least to come forward with proof of the agency's intentions in the face of the record of inaction such as that here presented. Where

the burden of persuasion ultimately resides may be left for determination of a more complete record.

In *Kerner v. Flemming,* 283 F.2d 916, 917 (2d Cir.1960), the Court of Appeals for this Circuit determined, in the face of a provision of the Social Security Act stating that "[a]n individual shall not be under a disability unless he furnishes such proof of the existence thereof as may be required," that the burden was nevertheless upon the Secretary in the face of evidence of serious restrictions on a claimant's ability to work to come forward with some evidence concerning the existence of employment opportunities for a person with the claimant's demonstrated limitations. In so holding the court took note, *inter alia,* of the agency's greater access to the information at issue as well as the unequal standing of the litigants involved. Similar considerations as well as others that traditionally have a bearing on the allocation of burdens of coming forward with evidence, *see* McCormick, *Evidence* § 309 at p. 641 (1954), § 343 (2d Ed.1972), likewise counsel in favor of placing the burden of coming forward with evidence of the agency's intentions on the Secretary at least in situations such as that presented here where that intention is at best ambiguous. The Secretary has far greater access to the type of proof sought and is in a position to establish procedures by which it can be obtained with little effort. The usual lack of representation and indigent status of most Social Security claimants similarly points in favor of placing the burden on the government agency, as do considerations of fairness and social policy.

For the foregoing reasons, the matter is remanded to the Secretary for further proceedings consistent with this opinion.

SO ORDERED.

---

**1.** Subsequent to her denial of SSI benefits, plaintiff applied for Home Relief benefits from the New York City Department of Social Services. On October 28, 1983, the Supreme Court of the State of New York ruled that she was eligible for Home Relief benefits since she had established that she was permanently residing in the United States under color of law.